**WILD EQUITY INSTITUTE,**
Plaintiff-Appellant,

v.

**U.S. ENVIRONMENTAL PRO-
TECTION AGENCY, De-
fendant-Appellee.**

No. 15-17502

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted February 14,
2017 San Francisco, California

Filed August 28, 2017

Matt Kenna, Attorney, Durango, CO,
Brent Plater, Wild Equity Institute, San
Francisco, CA, for Plaintiff-Appellant

Bridget McNeil, United States Depart-
ment of Justice, Environment & Natural
Resources Division, Denver, CO, Brian C.
Toth, Attorney, DOJ—U.S. Department of
Justice, Environment & Natural Re-
sources Division, Washington, DC, for De-
fendant-Appellee

Before: W. FLETCHER and
RAWLINSON, Circuit Judges, and
GORDON,* District Judge.

MEMORANDUM **

Wild Equity filed this suit claiming that
the Environmental Protection Agency
(EPA) must reinitiate Endangered Species
Act consultation with the Fish and Wildlife
Service about a 2001 permit because 1)

new information shows the power plant
authorized under the permit is causing
greater harm to protected species than
understood in 2001, and 2) "discretionary
Federal involvement or control over [an
agency] action has been retained or is
authorized by law." 50 C.F.R. § 402.16; *see
also* 16 U.S.C. § 1536(a)(2).

The district court dismissed this case on
the ground that there is no federal agency
action on which the EPA could consult—
the 2001 permit expired before construc-
tion was complete and now has no opera-
tive effect. Wild Equity's position on ap-
peal is that as long as there was agency
action in the past and the agency has some
discretion over the subject matter of that
agency action, the conditions for reinitia-
tion are met. No new or ongoing agency
action is required.

The district court is correct. Although
the 2001 permit was "agency action" at the
time of its issuance, its expiration severed
any connection to subsequent plant opera-
tion. The current plant operation cannot be
plausibly described as "authorized ... by"
the expired 2001 permit. 16 U.S.C.
§ 1536(a)(2). Wild Equity offers no viable
statutory interpretation or case law to
bridge that gap.

Because the plant was being operated
without a valid permit, the EPA brought a
civil enforcement suit that was settled with
a consent decree in 2011, allowing the
plant to remain in operation. Any argu-
ment that this consent decree constitutes
agency action is waived by Wild Equity's
statement that it "does not rely on the
consent decree as a triggering event" re-
quiring EPA to reinitiate consultation. *See*

---

* The Honorable Andrew P. Gordon, United
States District Judge for the District of Neva-
da, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

*United States v. Laurienti,* 611 F.3d 530, 543 (9th Cir. 2010).

Accordingly, the district court's judgment is **AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided